UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDA ORTIZ and <br> TONYA PELT, <br><br> Plaintiffs, <br> v. <br><br> HILITE INTERNATIONAL, INC. <br><br> Defendant. | § <br> § <br> § <br> § CIVIL ACTION NO. 3:21-cv-1921 <br> § <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § <br> § |

## ORIGINAL COMPLAINT

Plaintiffs Brenda Ortiz ("Ms. Ortiz") and Tonya Pelt ("Ms. Pelt") (collectively "Plaintiffs"), by and through their attorneys, Ellwanger Law LLLP, bring this action for damages and other legal and equitable relief from Defendant, Hilite International, Inc. ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiffs seeking damages from Defendant for subjecting them to a hostile work environment based on sex and for subjecting them to retaliation for reporting the unlawful sex harassment. Defendant's acts of discrimination are in violation of Title VII, the TLC, and any other causes of action that can be inferred from the facts set forth herein.

2. Defendant employed Brenda Ortiz and Tonya Pelt as Quality Control and Assembly Line workers in its Carrollton, Texas facility. Throughout Plaintiffs' employment with Defendant,

Plaintiffs were subjected to a hostile work environment. When they reported the harassment, they were subjected to unlawful retaliation as a result.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district.

## PARTIES

6. At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII and the TLC.

7. Upon information and belief, Defendant employs over 500 employees.

8. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

9. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at a facility located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Plaintiffs have timely filed charges of discrimination with the EEOC.

11. Plaintiffs have received their Notices of Right to Sue from the EEOC within 90 days prior to the filing of this Complaint. In the Notice of Right to Sue, Belinda F. McCallister, the Director of the Dallas District Office of the EEOC, stated as follows: "The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge . . ."

## STATEMENT OF FACTS
## FACTS COMMON TO BOTH PLAINTIFFS

12. Plaintiffs were employees at Hilite International Inc.'s Carrollton facility.

13. Throughout the relevant time period, the Shop Steward ("Steward") worked as a facilitator between workers in the facility and Hilite's Human Resources personnel.

14. As the Shop Steward for Defendant, the Steward worked in close proximity to Plaintiffs.

15. Throughout the relevant time period Plaintiffs were subjected to severe and pervasive unwelcome sexual harassment, including but not limited to unwanted sexual comments and advances and intimidation at the hands of the Steward.

16. The Steward's harassment persisted despite Plaintiffs' repeated rejections of his advances and their complaints about his behavior.

### FACTS SPECIFIC TO BRENDA ORTIZ

17. Plaintiff Brenda Ortiz ("Ms. Ortiz") worked as a Quality Control and Assembly Line employee at Hilite International Inc. facility from 2013 to January 2019.

ORIGINAL COMPLAINT

3

18. During her employment, Ms. Ortiz was subjected to unwelcome conduct based on sex and retaliation.

19. For example, the Steward physically harassed Ms. Ortiz by putting his arms around her so she could not escape, pressing his body against hers. This harassment occurred on a nearly daily basis. When Ms. Ortiz attempted to refuse his touchings, the Steward would say, "You know you want me."

20. The Steward also consistently made lewd comments towards Ms. Ortiz. For example, the Steward would say things such as, "Your tits look nice," "Looks like you like it in the ass," and "You're getting old; I bet that shit is drying up." This conduct made it difficult for Ms. Ortiz to complete her work, as she felt uncomfortable every time she neared areas of the factory where she tended to encounter the Steward.

21. Ms. Ortiz complained to a coworker that if the harassment did not stop, she would report the Steward to HR. The coworker told the Steward about this conversation. Thereafter, the Steward ensured that Ms. Ortiz faced retaliation socially among her coworkers for threatening to report him.

22. For example, the Steward said Ms. Ortiz was "the devil" and a "bad influence." These comments spread to new temporary employees, which created a negative impression of Ms. Ortiz prior to meeting her.

23. In or around October 2017, several Hilite employees were terminated for sexual harassment. During this time Ms. Ortiz attempted to report the sexual harassment by the Steward to the HR manager. However, the HR manager said she didn't want to know because she feared the harasser would be a supervisor.

24. Eventually Ms. Ortiz was able to move to the Assembly Line department in February 2018. Ms. Ortiz was also retaliated against in this department by Quality Control coworkers who were in charge of inspecting her work and who had been negatively influenced against her by the Steward. They would consistently reject her work.

25. Friends of the Steward went out of their way to negatively influence Ms. Ortiz's working environment by attempting to persuade her Shift Lead to deny her a lunch break and affect her ability to take company-approved college courses. This retaliation affected her not only socially among her peers but directly hindered her ability to perform her job.

26. Ms. Ortiz also faced retaliation when her work was rejected daily without reason by the first shift Quality Control supervisor, making her work appear to be subpar. However, she worked diligently, and still received glowing evaluations of her work product.

27. When Ms. Ortiz attempted to report the behavior of the Steward's friends to management and HR, she was told to just ignore them since she did not answer to them. Nothing was done by management or HR to stop the retaliatory treatment.

28. After years of harassment and months of retaliation, Ms. Ortiz attempted to bring the issue to the Plant Manager, as nothing had been done by HR to help her. The Plant Manager told her not to trust HR and to talk to an employee in the Payroll Department instead. The employee with whom she spoke told her to not trust HR, and to seek out an attorney.

29. In or around June 2018, Ms. Ortiz met with HR, with the Plant Manager and the new Chief Steward present. In this meeting Ms. Ortiz tearfully explained the constant harassment of the old Steward and how he influenced employees to retaliate against her. In response she was told that the Steward would not be allowed in her work area, but he was not punished in any way.

30. Around June 14, 2018, Ms. Ortiz began keeping a journal of the harassment and retaliation she faced at the hands of the Steward and his friends. She attempted to report the incidents to the Plant Manager, but he insisted she take the complaints of unlawful behavior to her Union, rather than management making any attempt to correct the behavior.

31. Ms. Ortiz has become aware of other women who have suffered harassment at the hands of the Steward as well, and was told by a Day Shift Supervisor that the supervisor was happy Ms. Ortiz had reported the incidents, in hopes that something would be done.

## FACTS SPECIFIC TO TONYA PELT

32. Plaintiff Tonya Pelt ("Ms. Pelt") was a temporary assembly line employee at Hilite International from September 2017 until June 2018.

33. Throughout her employment Ms. Pelt was subject to a sexually hostile work environment.

34. About three months into her employment Ms. Pelt was told by a coworker that she was being subjected to unwanted sexual contact and comments by the Steward.

35. During her first several months of employment, Ms. Pelt performed her duties well, and was told that Hilite wanted to hire her on a permanent basis as soon as possible.

36. Several weeks later, the Steward approached Ms. Pelt and stated, "Damn, Girl, I thought those were parts but those were your titties."

37. Soon after that, the Steward began to retaliate against Ms. Pelt when he discovered she was friends with Plaintiff Brenda Ortiz, another victim of his harassment. Unfortunately, Ms. Pelt's job on the Line depended on consistent communication and interaction with the Steward.

38. The Steward attempted to control Ms. Pelt's social interactions with coworkers. The Steward told her to stay away from Ms. Ortiz, who was "the devil" and would be a "bad influence" on Ms. Pelt.

39. In May 2018, the Steward once again made lewd comments about the size of Ms. Pelt's breasts. Ms. Pelt chose not to report out of fear of retaliation due to the retaliation that had occurred to the coworker who also faced harassment.

40. In June 2018 Ms. Pelt's contract ended and was not renewed. Ms. Pelt had no disciplinary actions against her and was viewed as a good worker. However, upon information and belief, the Steward had retaliated against her and influenced the decision to not offer her a permanent position.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment)

41. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

42. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiffs were subjected to a hostile work environment on the basis of sex.

43. Plaintiffs' requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment)

44. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiffs were subjected to a hostile work environment on the basis of sex.

46. Plaintiffs' requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (Retaliation)

47. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiffs were retaliated against for engaging in protected activities.

49. Plaintiffs' requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code. §§21.001 *et seq* (Retaliation)

50. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

51. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiffs were subjected to retaliation for reporting unlawful discrimination.

52. Plaintiffs' requests for relief are set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC").;

B. All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Plaintiffs also seek injunctive relief, including, but not limited to:

ORIGINAL COMPLAINT

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Training of all employees regarding sexual harassment, including the reporting procedures for reporting such harassment, conducted by reputable outside vendors

J. Supervisory discipline up to and including termination for any employee who engages in unlawful discrimination, including sexual harassment.

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: August 18, 2021

                Respectfully submitted,

                */s/ Jay D. Ellwanger*

                _____

                Jay D. Ellwanger
                Texas State Bar No. 24036522
                jellwanger@equalrights.law
                David W. Henderson
                Texas State Bar No. 24032292
                dhenderson@equalrights.law
                **ELLWANGER LAW LLLP**
                400 S. Zang Blvd. Ste. 1015

                                                                Dallas, TX 75208
                                                                Telephone: (469) 998-6775
                                                                Facsimile:  (469) 998-6775

**ORIGINAL COMPLAINT**